**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roosevelt Tremayne Jackson, Criminal No. 00-257(1) (DWF/AJB)

Petitioner-Defendant,

v. **ORDER AND MEMORANDUM**

United States of America,

Respondent-Plaintiff.

---

Roosevelt Tremayne Jackson, *Pro Se*, #09576-041, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160, counsel for Petitioner-Defendant.

Paul A. Murphy, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Respondent-Plaintiff.

---

This matter is before the Court upon Petitioner-Defendant's *pro se* Motion to Correct, Modify or Reduce Sentence. The Government has filed no response to the Petitioner-Defendant's motion.

Based upon the presentations of the Petitioner-Defendant and the Court being duly advised in the premises and having reviewed the contents of the Court's file in this matter, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant's Motion to Correct, Modify or Reduce Sentence (Doc. No. 18) is respectfully **DENIED**.

Dated: November 10, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

## MEMORANDUM

The Court has ruled on the merits of the Petitioner-Defendant's motion without reaching the issue of whether the Court has any jurisdiction whatsoever to entertain Petitioner-Defendant's motion. The Petitioner-Defendant was sentenced on February 12, 2001. No objection was made to the criminal history computation set forth in the presentence report and, in fact, the Petitioner-Defendant agreed to the total offense level and criminal history points of 9, creating a category of IV, which, in turn, absent a downward departure, created an imprisonment range of 121-151 months. The Court sentenced the Petitioner-Defendant to the bottom end of the range, namely, 121 months. Interestingly, there was no argument at the sentencing with respect to the offense level or the criminal history of the Petitioner-Defendant, in large part because the Court declined to treat the Petitioner-Defendant as a career offender. In fact, the sentencing stipulation of the parties at paragraph 5 stated as follows: "It is the government's belief that defendant's criminal history category is VI; [t]he Defendant believes his criminal history category should be IV. The defendant's criminal history category will be determined by the Court, after reviewing the Presentence Report." The Court, consistent with the argument of the

Petitioner-Defendant, found his criminal history category to be IV over the objection of the Government.

Again, even assuming that the Court has jurisdiction to entertain Petitioner-Defendant's Motion to Correct, Modify or Reduce Sentence, no constitutional rights of the Petitioner-Defendant are implicated. Moreover, a genuine argument can be made that everything was done consistent with the request of the Petitioner-Defendant and whether that is the case or not, that the Petitioner-Defendant has waived any right to now object to the sentence that was imposed, based upon the record before the Court.

For all of these reasons, the Petitioner-Defendant's request for a correction, modification, or reduction of his sentence is denied by the Court.

D.W.F.