UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-257(DWF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT TREMAYNE JACKSON,<br><br>Defendant. | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Michael A. Dees, Assistant United States Attorney, hereby submits this memorandum in opposition to Defendant Roosevelt Termayne Jackson's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), based on United States Sentencing Guidelines ("Guidelines") Amendments 706 and 711. It appears the defendant became eligible for a reduced sentence on March 3, 2008. Defendant's current projected release date is August 2, 2009. The government opposes a reduction of defendant's sentence and the Court should exercise its discretion to deny the motion. However, if the Court grants the defendant's request for a reduced sentence, it should not reduce the defendant's sentence to less than 100 months, the bottom of the amended guideline range.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 14, 2000, Minneapolis police officers were conducting rooftop surveillance of narcotics trafficking activity on Hennepin Avenue in Minneapolis, Minnesota. (PSR ¶ 5.) Officers

observed an individual, later identified as Robert Bankstrom, approach a car. (Id.) The sole occupant of the parked car, later identified as the defendant Roosevelt Tremayne Jackson, directed Bankstom to a different location. (Id.) As Bankstom walked away from the vehicle, surveillance officers witnessed Jackson remove a portion of the vehicle's dashboard and retrieve a baggie containing suspected crack cocaine. (Id.) Jackson was arrested after he exited the vehicle. He was in possession of $637 cash. (Id.) Inside of the vehicle was a baggie containing crack cocaine, a loaded 9mm semi-automatic pistol, and a small amount of marijuana. (PSR ¶ 6.) In addition, a .22 caliber revolver with an obliterated serial number, a night vision scope, and a pair of two-way radios were recovered from a duffle bag in the trunk. (PSR ¶ 7.)

On September 7, 2000, a three-count Indictment was filed against Jackson. (PSR ¶ 1.) On October 18, 2001, pursuant to a negotiated plea agreement, Jackson pled guilty to Count 1, Possession with Intent to Distribute 48 grams fo Crack Cocaine, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(B). (PSR at F.1.) In the plea agreement, the government believed that Jackson was a career offender with a total offense level of 31 and a criminal history of VI, for a sentencing guideline range of 188 to 235 months. In contrast, the defendant believed that he was not a career offender, and the offense level should be a 29 with a level IV criminal history, for a sentencing guideline range of 121 to 151.

On February 2, 2001, the Probation Office issued its revised Presentence Investigation Report. The Probation Office concluded the base offense level was 30. (PSR ¶ 17.) It applied a 2-point firearm enhancement. (PSR ¶ 18.) With a three-level adjustment for acceptance of responsibility, the total offense level was 29. (PSR ¶¶ 22, 23.) With a criminal history category IV, Jackson's guideline range was 121 to 151 months. (PSR ¶ 87.) The Probation Office also noted in the PSR that an upward departure from the guidelines may be appropriate pursuant to §4A1.3 for understated criminal history. (PSR ¶ 103.) In the Addendum to the PSR, the Probation Office noted that the defendant had fourteen prior charges which were dismissed and five charges pending. Thus, an upward departure from the guidelines may be appropriate pursuant to § 4A1.3 for understated criminal history. (Addendum at A.2.)

Jackson was sentenced on February 12, 2001, by the Honorable Donovan W. Frank. Over the objections of the government, the Court declined to treat the defendant as a career criminal. (Judgment at 5.) The Court found the defendant's total offense level was 29 and his criminal history category was IV, resulting in a guideline range of 121 to 151 months. (Judgment at 5.) The Court denied the defendant's motion for a downward departure and sentenced him to the bottom of the guideline range, 121 months. (Id.)

On July 21, 2004, Jackson filed a pro se motion to correct, modify, or reduce sentence. This Court denied Jackson's motion on November 10, 2004. In its Order and memorandum, the Court noting

that "there were no objections to the Court's finding with respect to the offense level or the criminal history" at sentencing "in large part because the Court declined to treat the defendant as a career offender." (Order and Memorandum dated November 10, 2004 at 2.)

## ARGUMENT

### I. THE DEFENDANT IS ELIGIBLE FOR A REDUCED SENTENCE BETWEEN 100 AND 125 MONTHS BUT ANYTHING UNDER 100 MONTHS SHOULD BE DENIED.

Defendant Roosevelt Jackson has moved for a reduced sentence pursuant to Section 3582(c)(2) on the basis of Amendments 706 and 711.

The government agrees the defendant is eligible for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendments 706 and 711. However, any reduced sentence may not be lower than the amended guideline range of 100 to 125 months.

In considering a motion for a reduced sentence pursuant to Section 3582(c)(2), the Court must make two separate determinations. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc). First, the Court must determine the amended guideline range and what sentence it would have given at the time of the original sentencing had the amended guideline range applied. Id. at 684-85. Second, the Court must consider whether to exercise its discretion to reduce the sentence, in light of the factors in Section 3553(a) and the information it now has. Id. at 685.

**A. The Amended Guideline Range.**

The first step in deciding whether to grant a Section 3582(c)(2) motion is for the Court to determine the amended guideline range. As the Eighth Circuit, en banc, has described the process:

> First, 'the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.' The court must leave all previous factual determinations intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'

Hasan, 245 F.3d at 684-85 (quoting United States v. Wyatt, 115 F.3d 606, 608, 609 (8th Cir. 1997)).

Effective March 3, 2008, Amendments 706 and 711 reduced the guideline range applicable in this case, and therefore the Court may consider whether to reduce his sentence. If the government is correct about the Court's guideline calculations at the time of sentencing, the defendant's base offense level will be 28, rather than 30, pursuant to amended Section 2D1.1. With the 2-point enhancement for the firearm, the total offense level will be 30 rather than 32. With a three-level adjustment for acceptance of responsibility, the total offense level is 27. With the established criminal history category of IV, the amended guideline range will be 100 to 125 months. This is a reduction from the original guideline range of 121 to 151 months.

**B. The Court's Discretion Is Limited to a Sentence Between 100 and 125 Months.**

The second step in deciding whether to grant a Section 3582(c)(2) motion is for the Court to determine whether to exercise its discretion in granting a reduction, and if so, to what extent. As the Eighth Circuit stated in Hasan:

> The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence . . . . [T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded.

245 F.3d at 685.

If the Court decides to exercise its discretion and grant a reduction in sentence, the factors for it to consider and the limits on its discretion are set forth in Section 3582(c)(2) and the applicable policy statements of the Sentencing Commission. Section 3582(c)(2) provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. cmt. n.1(B)(i); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary

reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.”); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

The Eighth Circuit described this process in Hasan as follows:

> In this second step . . . the guiding factors in § 3553(a) and the applicable policy statements of the Sentencing Commission are not grounds for an additional departure below the new sentence length already determined by the district court in step one. Rather, these factors guide the district court’s second-step discretionary determination of whether to reduce [the defendant’s] sentence to [the bottom of the revised guideline range].

245 F.3d at 685. The Court of Appeals, en banc, further emphasized this point in Hasan, stating:

> The language of the statute, 18 U.S.C. § 3582(c)(2), is clear. The factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission’s lowering of the sentencing range. The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction.

Id.

Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant’s sentence. In particular, the Court must consider public safety considerations, and may consider information

regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." Id. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

This Court has considerable discretion in deciding whether or not to grant a reduction of sentence in this case. It further has considerable discretion in determining the extent of any such reduction within the amended guideline range of 100 to 125 months. The Court may not, however, reduce the sentence below 100 months.

**C. The Court Should Exercise Its Discretion To Deny the Motion.**

The defendant argues that presumably the Court would impose a sentence at the low end of the reduced offense level of 27 for a total sentence of 100 months. The defendant alleges that the new reduced sentence would represent a 21 month reduction and with his 84 months he has already served and credit for his good conduct earned, he would have served more time than his new modified and

reduced sentence of 100 month and would be eligible for immediate release. The government does not agree with the extent of the reduction requested by Jackson, nor the methodology used to arrive at the reduction he suggests the Court should apply.

The government agrees this Court has discretion to reduce the defendant's sentence, within the limits of the amended guideline range of 100 to 125 months.[1] However, the Court should exercise its discretion and not grant any reduction to the defendant's sentence. It appears that the Court already gave the defendant effectively a 4-point reduction in his guidelines by not finding him a Career Offender. Further, the Court also appears to have given the defendant a break by not giving him an upward departure pursuant to § 4A1.3 for understated criminal history. The 121 month sentence the defendant received is still within the new guideline range of 100 to 125. The defendant should not receive a further reduction in his sentence. However, if the Court grants the defendant's request for a reduced sentence, it should not reduce the defendant's sentence to less than 100 months, the bottom of the amended guideline range.

**CONCLUSION**

Based upon the above and the proceedings to date, and subject

---

[1]The actual release date depends on whether the defendant is eligible for and receives credit against the sentence for "good-time" as administered by the Bureau of Prisons ("BOP").

to the conditions noted in footnote 2, the government agrees the Court has authority to reduce the defendant's sentence to anywhere within the amended guideline range of 100 to 125 months. The Court should exercise its discretion, however, and deny the motion.

Dated: March 21, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/Michael A. Dees
BY: MICHAEL A. DEES
Assistant U.S. Attorney