UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT TREMAYNE JACKSON,<br><br>Defendant. | Criminal No. 00-257 (DSD)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE** |

Mr. Jackson, through counsel, offers the following memorandum in support of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c). As set forth in the motion and below, Mr. Jackson's sentence should be reduced from 121 to 100 months. This reduction should result in his immediate release.

This Court has jurisdiction to modify the defendant's sentence under the plain language of 18 U.S.C. § 3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Each of the predicate conditions conferring jurisdiction are met in this case: Mr. Jackson was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission on November 1, 2007.

The last phrase of § 3582(c)(2) – "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" supports the grant of this motion. The Sentencing Commission determined that the amendments to the Sentencing Guidelines ameliorating the disparity between crack and powder cocaine sentence should be made retroactive. This motion is entirely consistent with that policy statement and accordingly, should be granted.

In what is mysteriously styled as a memorandum in opposition to this motion, the government acknowledges that Mr. Jackson "is eligible for a reduced sentence between 100 and 125 months . . . ." Government Memorandum at p. 4. We concur. The two level reduction contemplated by the guideline amendment reduces the suggested range from 121-151 months to 100-125 months. The Court imposed a sentence at the low end of the earlier range. A sentence at the low end of the corrected range is equally appropriate.

The government goes on at considerable length about the mandatory nature of the restrictions contained in the revised U.S.S.G. § 1B1.10. As will be demonstrated in litigation to come, these arguments are mistaken. In the context of this case, they are also irrelevant. The two level reduction results in Mr. Jackson's release. The question of whether the Court is somehow prohibited from granting a larger reduction by guidelines that are in all other respects advisory is simply not raised here.

In opposition, the government points to two claimed breaks that the Court gave to Mr. Jackson as reasons why a sentence at the bottom of the corrected range should not be

imposed. Neither should persuade the Court. The Court's finding that Mr. Jackson was not a career offender was a simple application of the regulations to the facts of this case. The fact that the Court declined an upward departure fits the same description. Finding a way through the rules to a milder result is a break. Applying the rules as written is not.

Mr. Jackson was found to have committed some minor disciplinary infractions during his prison term to date. To his credit, and on the other side of the balance, Mr. Jackson earned his GED and completed the Bureau of Prisons' drug education program. He has served enough time, and should be allowed to put this training into practice.

Conclusion

For the reasons set forth above, Mr. Jackson's sentence should be reduced to 100 months, and he should be ordered released from custody.

A draft Order is attached.

Dated: April 2, 2008

Respectfully submitted,

*s/ Andrew H. Mohring*

_________________________________

ANDREW H. MOHRING
Attorney No. 190731
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415